JiCOOKS, Judge.
The issue in this worker’s compensation appeal is whether the administrative law judge erred in finding the worker failed to prove the occurrence of a work-related accident. Finding the hearing officer was not manifestly erroneous in her conclusions, we affirm.
FACTS
David Bruce was employed Ampacet Corporation for approximately six years before he began experiencing back and groin pain in January of 1992. Bruce testified he continued to work in pain and informed his supervisor, Herman Hall, that he was experiencing back pain; but, he did not disclose hurting his back on the job because he was unsure *324 where he had suffered the alleged injury. Bruce |2visited several physicians, in his words, to “find out what was causing the pain.” No doctor who Bruce visited found him unable to return to work.
Hall testified Bruce did not report a work accident to him until February 27,1992 when Bruce first indicated he injured his back on January 8, 1992. Hall testified when he questioned Bruce prior to this date about whether the back injury occurred at work, Bruce responded in the negative. On June 29, 1992, Bruce filed a petition for workers’ compensation benefits. After a trial on the merits before an administrative hearing officer, Bruce’s claim was denied. This appeal followed.
ANALYSIS
The plaintiff-employee in a compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979). Bruce argues a plaintiffs testimony alone may be sufficient to discharge his burden. This is correct provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992).
La.R.S. 23:1031 requires the plaintiff to establish “personal injury by accident arising out of and in the course of his employment.” La.R.S. 23:1021(1) defines “accident” as follows:
“(1) ‘Accident’ means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.”
I sWhen evaluating the evidence, the trier of fact should accept as true the uncontra-dicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances in the record casting suspicion on the reliability of this testimony. West; Bruno, supra. The reviewing court must give great weight to the factual conclusions arrived at by the trier of fact, and reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may feel its own evaluations and inferences are as reasonable. West, supra.
The hearing officer made the following findings in her reasons for judgment:
“Mr. Bruce’s testimony alone was not sufficient to discharge his burden of proof since there was no valid testimony to corroborate circumstances following an alleged incident. There was no testimony of a definite incident occurring or even that anything occurred at work causing injury to Mr. Bruce. The court simply cannot say that Mr. Bruce suffered a work related accident.”
The hearing officer also found Bruce did not timely report a work accident as required by La.R.S. 23:1301.
A review of the record supports the hearing officer’s conclusions. Bruce gave conflicting testimony as to when he suffered the alleged back injury. In brief, he asserts the injury occurred on January 2, 1992. At trial, however, Bruce testified the “pain in my back occurred to me the first of January, after I got off ...” On either date, Bruce did not report to work because the plant was closed for inventory from December 31,1991 through January 2, 1992. In a conference with Ampacet supervisors on February 27, 1992, Bruce alleged that he suffered an injury to his back on January 8,1992. However, the employer’s business Records reflect Bruce did not report to work on this date. In subsequent medical examinations Bruce reported he was injured on the job on January 28, 1992.
On January 13, 1992, Bruce was examined by Dr. Lane Sauls. Sauls testified Bruce told him his back troubles were not work-related. On February 24,1992, Bruce visited Dr. Daniel Wickiser, a chiropractor, for treatment. In the form submitted to the defendant’s insurer Bruce indicated the injury did not occur at work.
Bruce’s wife, Clara, testified at trial her husband’s pain began in early January of *325 1992. However, on cross-examination Clara Bruce admitted she may have testified at a hearing for unemployment compensation that her husband’s health problems arose in December of 1991. Bruce also called numerous co-employees at Ampacet to testify. While a number of these witnesses testified Bruce told them he was in pain, none of them saw Bruce actually suffer the injury, and many did not know if the accident was work-related.
After a thorough review of the record we find the trial court did not err in finding Bruce’s testimony alone was not sufficient to discharge his burden of proving a work-related accident occurred. The conflicting dates as to when the injury occurred cast doubt as to the claimant’s credibility.
In brief, Bruce asserts the hearing officer erred in refusing to admit as evidence a report of Dr. George Middleton, a mental health provider, who examined Bruce over one year from the date of the alleged injury. Because Bruce failed to establish that he sustained a work-related accident entitling him to benefits, this issue is moot.
DECREE
For the above reasons, the judgment of the Office of Worker’s |5Compensation is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.